UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL D. WALL, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-991-TLS-JEM |
| WADE BRANSON, | |
| Defendant. | |

**OPINION AND ORDER**

Michael D. Wall, a prisoner without a lawyer, filed a Complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the Complaint, Wall alleges that, on July 28, 2006, Captain Wade Branson submitted a probable cause affidavit to obtain an arrest warrant for Wall. In that affidavit, Captain Branson attested that, on November 30, 2005, an undercover officer met with Wall and purchased what appeared to be methamphetamine. ECF 1-1 at 1. He further attested that a field test indicated a positive result for methamphetamine. *Id.* However, in a supplemental report, the undercover officer represented that the field test was inconclusive. *Id.* at 3–4. The undercover officer further represented that, on December 1, 2005, he delivered what appeared to be methamphetamine to a

forensic laboratory where it tested positive for methamphetamine. *Id.* Wall further alleges that Captain Branson misled the magistrate by presenting a laboratory test dated November 21, 2005.

Based on these allegations, Wall asserts a claim of unlawful arrest and false imprisonment against Captain Branson. Unlawful arrest claims are a subset of false imprisonment claims. *Wallace v. Kato*, 549 U.S. 384, 388–89 (2007); *Bentz v. City of Kendallville*, 577 F.3d 776, 780 (7th Cir. 2009) (examining Indiana law). "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace*, 549 U.S. at 388. "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 397.

The Court has identified *State v. Wall*, 20C01-0607-FA-58 (Elkhart Cir. Ct. filed July 28, 2006), as the criminal case referenced in the Complaint. The online docket for the Indiana courts indicates that, on August 22, 2006, the Elkhart Circuit Court held an initial hearing in this case with Wall present.[1] The applicable statute of limitations requires plaintiffs to file lawsuits within two years of the date on which the injury occurred. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). As a result, the limitations period expired in August 2008. Wall did not file the Complaint in this case until December 10, 2024, so the claims of unlawful arrest and false imprisonment are untimely by more than sixteen years.

Moreover, the Court would not allow Wall to proceed on these claims even if they were timely because they do not plausibly state a Fourth Amendment violation. "An officer violates

---

[1] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

the Fourth Amendment if he intentionally or recklessly includes false statements in a warrant application and those false statements were material to a finding of probable cause." *Rainsberger v. Benner*, 913 F.3d 640, 647 (7th Cir. 2019). Succinctly, in the context of a probable cause determination, the Court does not perceive a material distinction between whether the positive result for methamphetamine occurred during a field test on November 30, 2005, or during a laboratory test the next day. Nor does it strike the Court as misleading that Captain Branson might have presented a laboratory test dated November 21, 2005, to the magistrate; the evidence presented at trial demonstrated that the undercover officer had also purchased what appeared to be methamphetamine from Wall that day. *See Wall v. State*, 917 N.E.2d 189 (Ind. Ct. App. 2009) ("[Officer] Germann knew Wall because, nine days before, he and the source had purchased from Wall what they believed was methamphetamine.").

Wall also asserts a claim of malicious prosecution against Captain Branson. "To state a claim for malicious prosecution under section 1983, a plaintiff must demonstrate that: (1) he has satisfied the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty." *Sneed v. Rybicki*, 146 F.3d 478, 480 (7th Cir. 1998). Under Indiana law, "the elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Crosson v. Berry*, 829 N.E.2d 184, 189 (Ind. Ct. App. 2005). Here, the Complaint does not satisfy the elements of a malicious prosecution because Case No. 20C01-0607-FA-58 was not terminated in Wall's favor. *See Polzin v. Gage*, 636 F.3d 834, 836 (7th Cir. 2011) ("[A]rguments

attacking the validity of a conviction cannot be advanced under § 1983 unless the conviction or sentence previously has been invalidated." (citing *Heck v. Humphrey*, 512 U.S. 477 (1994))).

In sum, Wall cannot proceed on this Complaint because it does not state a claim upon which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons explained above, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on May 20, 2025.

> s/ Theresa L. Springmann
> JUDGE THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT